UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY L. JOHNSON,

        Petitioner,

v.                                          Case No. 88-cv-71484
                                           Honorable Patrick J. Duggan

EMMETT BAYLOR,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL, FOR AN UNCONDITIONAL WRIT, TO ENFORCE A COURT ORDER, AND FOR A CONTEMPT ORDER

This matter is before the Court on several motions by Petitioner essentially seeking to enforce an order of the Court, issued in March 1990, which required prison officials to expunge Petitioner's prison record of a state criminal conviction that was invalidated by the Court on a writ of habeas corpus. For the reasons that follow, the Court shall deny Petitioner's motions.

### I. Background

Petitioner was convicted of second-degree murder in the Berrien County Circuit Court in 1977 and sentenced to life imprisonment. In 1981, while in prison, he was convicted of assaulting a prison employee in the Jackson County Circuit Court and sentenced to two years and eight months to four years of

imprisonment. Petitioner subsequently challenged his 1981 conviction and sentence in federal court and was granted habeas relief by this Court. On March 9, 1990, the Court issued the following order:

> IT IS ORDERED THAT the petition for a writ of habeas corpus is GRANTED. Unless the State takes steps to provide petitioner with a new trial within ninety days of the date of his order or, should it be appealed, within ninety days of the date of affirmance on appeal, should that be the result, a writ of habeas corpus on the basis of the sentence imposed in this case will be issued. Upon the issuance of such a writ, all documents and records relating to such assault conviction shall be expunged. The relief granted applies solely to petitioner's assault conviction and has no impact on petitioner's prior murder conviction.

The State did not retry Petitioner and the writ issued. The State thereafter provided notice to the Court that it had expunged Petitioner's prison records in accordance with the Court's order.

Several years later, Petitioner moved to enforce the Court's expungement order when a Michigan Parole Board member referred to the invalid conviction during a parole interview. In 1997, this Court granted Petitioner's motion and ultimately ordered the State to again expunge Petitioner's prison records consistent with the Court's 1990 order and to provide Petitioner with a new parole interview. Petitioner was apparently provided a new parole interview, but was not granted a public parole hearing and/or release on parole at that time.

According to Petitioner, the Parole Board subsequently recommended that

he be given a public parole hearing, but the hearing was vetoed by the trial court. He then applied for and was granted a commutation hearing in 2009. Petitioner states that the Parole Board recommended that the Governor commute his sentence from life to thirty-three years and five months to life. Petitioner claims, however, that the Governor denied his commutation request because executive employees reviewed information that should have been expunged pursuant to the Court's 1990 order. Petitioner states that the Parole Board recommended that he be given a public parole hearing in 2013, but the hearing was again vetoed by the trial court. Petitioner asserts that he obtained transcripts/documents from the 2009 commutation hearing in October 2014 and learned that information that was supposed to be expunged was considered by the Governor to deny him commutation.

Petitioner filed the instant motions on July 29, 2015. He requests appointment of counsel to assist him in seeking an unconditional writ of habeas corpus, an unconditional writ of habeas corpus, enforcement of the Court's 1990 expungement order, and the issuance of a contempt order for the alleged violation of the Court's expungement order.

## II. Discussion

As an initial matter, the Court notes that Petitioner is not entitled to habeas

relief on any claim that he is entitled to parole or commutation from his second-degree murder life sentence. It is well-established that there is no federal constitutional right to parole, *see Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989); *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990), or to commutation, *see Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280, 118 S. Ct. 1244, 1249 (1998); *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 101 S. Ct. 2460, 2464 (1981). Additionally, a Michigan prisoner has no state-created liberty interest in being released on parole, *see Glover v. Michigan Parole Bd.*, 460 Mich. 511, 520–21, 596 N.W.2d 598, 603–04 (1999); *Hurst v. Department of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *see also Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), or in having his or her sentence commuted, *see Makowski v. Governor*, 495 Mich. 465, 490, 852 N.W.2d 61, 75 (2014) (governor has power to grant commutations, but not to revoke them); *People v. Freleigh*, 334 Mich. 306, 310, 54 N.W.2d 599, 601 (1952); *see also Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003) (unpublished). Thus, to the extent that Petitioner seeks such release, he fails to state a claim upon which relief may be

granted in his pleadings.

Similarly, Petitioner is not entitled to an unconditional writ to be released from his second-degree murder sentence (or to the appointment of counsel for such a purpose) because the validity of his second-degree murder conviction was never an issue before this Court. Rather, the Court's prior involvement with Petitioner solely concerned his 1981 prison assault conviction and sentence and the expungement of his prison records as to that invalidated conviction and sentence.

Thus, the sole issue before this Court is whether the State violated the Court's 1990 expungement order by considering information about his invalid 1981 prison assault conviction and sentence during his 2009 commutation proceedings and/or has failed to fully expunge his prison records as required by the Court. Petitioner cites two exhibits to his motions in support of this claim. Neither of those exhibits, however, indicate that the State considered information which should have been expunged during his 2009 commutation proceedings or that the State failed to properly expunge his prison records. The first document, Exhibit B, consists of two emails between a paralegal for the Governor and another State employee concerning Petitioner's prison misconducts and lists six misconduct tickets from 1977 to 1982 for various offenses – none of which involves an assault on a prison employee and, more importantly, none of which references a criminal

offense, as opposed to a prison misconduct. The second document, Exhibit D, a portion of a Parole Board hearing packet, contains some redacted information but does not reference Petitioner's invalid conviction and sentence in the readable content.

The rest of the exhibits attached to Petitioner's motions concern his parole and/or commutation prospects and generally reflect his good behavior and numerous accomplishments while in prison. None of those documents appear to contain improper references to the invalid conviction and sentence. Petitioner thus fails to show that the State violated, or is violating, the Court's 1990 expungement order. Consequently, he is not entitled to further enforcement of the Court's expungement order, a contempt order, or any other relief arising from the Court's previous rulings. His motions must therefore be denied.

### III. Conclusion

For the reasons stated, the Court finds that Petitioner fails to establish that the State violated, or is violating, the Court's 1990 expungement order – or that he is otherwise entitled to the relief he seeks in his motions. Accordingly, the Court **DENIES** Petitioner's motions for appointment of counsel, for an unconditional writ, to enforce a court order, and for a contempt order. This matter is closed.

**IT IS SO ORDERED**.

Dated:  October 2, 2015

                                            <u>s/PATRICK J. DUGGAN</u>
                                            UNITED STATES DISTRICT JUDGE

**Copies to:**

**Anthony L. Johnson**, #125208
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

**K. Davison Hunter, AAG**